**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DOUGLAS A. MORIN,
Inmate # 263727,**

     **Plaintiff,**

**vs.**                              **Case No.  4:26cv18-MW-MAF**

**STATE OF FLORIDA,**

     **Defendant.**
**_____/**


## REPORT AND RECOMMENDATION

Douglas A. Morin filed a notice of removal on January 13, 2026, ECF No. 1, seeking to remove two criminal cases[1] to this Court from state court. Mr. Morin did not pay the filing fee for this case or file an in forma pauperis motion at the time of case initiation.  *See* ECF No. 7.  It took until March 3, 2026, for him to file an in forma pauperis motion.  ECF No. 14.  That motion has been granted in a separate Order entered this day.

Mr. Morin's case initiating documents have now been reviewed.   He contends that for "over the past 5 years, [he] has been unable to secure or

---

[1] Mr. Morin seeks to remove case number 2020-CF-1348 and 2021-CF-0021 from state court to this Court.  ECF No. 1 at 1.

enforce any rights guaranteed to him under the Constitution, Laws, and Treaties of the United States in any State Court in Florida." ECF No. 1 at 1. He also points out that "this is Morin'[s] second attempt to remove these case[s], and that the grounds (the greater constitutional injury) did not exist when he filed his original notice [in] case no. 4:22-cv-242-AW-MAF." *Id.*

First, the notice of removal indicates Mr. Morin seeks to remove state criminal prosecutions to this court pursuant to 28 U.S.C. § 1443(1). That statute permits a criminal prosecution which is commenced in state court to "be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1443. Initially, it must be noted that Mr. Morin's notice of removal is deficient because he did not clearly assert where the state court prosecution was pending. Even so, the Court takes judicial notice that Mr. Morin's notice of removal refers to Judge Lance Eric Neff. ECF No. 1 at 2. Judge Neff[2] was appointed to the Second Judicial Circuit in 2023 and, thus, it appears that if removal is proper, then it is proper to remove the cases to the Tallahassee Division of the Northern District of Florida.

---

[2] Judicial notice is also taken that Governor Ron DeSantis appointed Judge Neff to serve as a judge on the Florida First District Court of Appeal on March 2, 2026.

Second, the removal notice is also deficient because Mr. Morin did not comply with 28 U.S.C. § 1455(a).  That statute requires a defendant desiring to remove a case from state court to federal court to file "a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  Mr. Morin did not file any documents from either of the state court cases.  His reason for not doing so is that unidentified persons "removed all of his legal materials and papers" and "made it difficult, if not, impossible to make copies."  ECF No. 1 at 2.  Those unsupported and vague assertions are not well taken.

Third, 28 U.S.C. § 1455 governs the procedure for removal of criminal prosecutions.  That statute  requires a "notice of removal of a criminal prosecution [to] be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  28 U.S.C. § 1455(b)(1).  Mr. Morin has not shown good cause for the delay in filing the notice of removal, nor has he even attempted to do so.  Mr. Morin was made aware of that requirement when he sought

Case No. 4:26cv18-MW-MAF

removal in his prior case.  *See* ECF No. 18 of case number 4:22cv242-AW-MAF.

Notably, Mr. Morin's prior case sought to remove case number 2020-CF-1348 and 2021-CF-0021 from state court to this Court.  *See* ECF No. 18 at 4 of case number 4:22cv242.  Those are the same two cases he once again seeks to remove now.  The Report and Recommendation entered in that prior case took judicial notice of the state court records and found that in case number 2020-CF-001348, Mr. Morin waived arraignment[3] on June 4, 2020.  ECF No. 18 at 4-5.  In case number 2021-CF-0021, Mr. Morin waived arraignment on September 17, 2021.  Thus, it has been established from Mr. Morin's prior case in this Court (case # 4:22cv242-AW-MAF) that removal of his criminal cases 2020-CF-1348 and 2021-CF-0021 were not timely in 2022.  Removal is certainly not timely now.  Moreover, Mr. Morin has not shown good cause as required by 28 U.S.C. § 1455(b)(1) to file the notice of removal "later than 30 days after the arraignment in the State court . . . ."  This case should be remanded to state court for those reasons alone, but there is still another reason.

---

[3] It is well established that Rule 3.160(a) permits counsel to "file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived." <u>Albritton v. White</u>, 948 So. 2d 852, 853 (Fla. 2d DCA 2007).

The removal statute permits the removal of "civil actions or criminal prosecutions, commenced in a State court . . . (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  The United States Supreme Court has interpreted the statute as permitting the removal of a state prosecution to federal court only if two requirements are met.  Georgia v. Rachel, 384 U.S. 780, 788, 86 S. Ct. 1783, 1788, 16 L. Ed. 2d 925 (1966).  "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (citing to Rachel, 384 U.S. at 792, 86 S. Ct. at 1790).  "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts."  Conley, 245 F.3d at 1295 (citing to Rachel, 384 U.S. at 794, 86 S. Ct. 1783).

Mr. Morin asserts that removal is warranted because "state court actors do not recognize Article 1 & 2 of the U.S. Constitution and do not see themselves bound by the Supreme Law of the Land, and have now suspended the writ of habeas corpus in violation thereof."  ECF No. 1 at 1.

Case No. 4:26cv18-MW-MAF

He contends this is true because his petition for writ of habeas corpus was rejected by the Florida Supreme Court and his case was returned to Judge Neff. *Id.* at 1-2. He also argues that Judge Neff ordered his petition for writ of habeas corpus to be stricken from the record, *id.* at 2, and claims his due process rights have been violated. *Id.* at 3. He has not made the required showing that he has been denied his equal protection rights,[4] nor has he shown that he has been denied racial equality. "The phrase "any law providing for ... equal civil rights" refers to laws "providing for specific civil rights stated in terms of racial equality," and does not include rights of "general application available to all persons or citizens." Rachel, 384 U.S. at 792, 86 S.Ct. 1783 (quoted in Conley, 245 F.3d at 1295-96).

Moreover, the denial of one's "equal civil rights must be 'manifest in a formal expression of state law.'" Rachel, 384 U.S. at 803, 86 S.Ct. 1783 (quoted in Conley, 245 F.3d at 1296). "This requirement ensures that removal is available only in cases where the denial of the right can be clearly predicted and avoids involving federal judges in 'the unseemly process of prejudging their brethren of the state courts.'" *Id.* at 803-04, 86

---

[4] Mr. Morin made a conclusory assertion that he has suffered an equal protection violation, ECF No. 1 at 4, but he provides no facts in support of that assertion.

S. Ct. 1783 (quoted in 245 F.3d at 1296).  The Court explained that "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial."  Rachel, 384 U.S. at 800, 86 S. Ct. at 1794.  Instead, it is "warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.  A state statute authorizing the denial affords an ample basis for such a prediction."  384 U.S. at 800, 86 S. Ct. at 1794.  The reason is simple - without a constitutional, statutory or legislative impediment, a person seeking removal of a criminal prosecution "cannot swear before his case comes to trial that his enjoyment of all his civil rights [will be] denied to him."  *Id.* at 799, 86 S. Ct. at 1794.

Here, Mr. Morin has not identified a state law which will deny him "the equal civil rights" enjoyed by all citizens.  28 U.S.C. § 1443(1).  He has not alleged that the state court is unable to address a wrong.  Instead, his allegations pertain to the rulings of the judge presiding over his criminal prosecution.  ECF No. 1.  That does not meet the requirement of Rachel or the statutes permitting removal.

Case No. 4:26cv18-MW-MAF

> The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.  The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.  Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Conley, 245 F.3d at 1297 (quoting Sunflower Cnty. Colored Baptist Ass'n v. Trs. of Indianola Mun. Separate Sch. Dist., 369 F.2d 795, 797 (5th Cir. 1966)).  In this case, Mr. Morin seeks removal based on his dissatisfaction with the speed of his prosecution[5] and orders entered by the presiding judge.  His request for removal is based on speculation and fear,[6] not facts or affirmations that his rights will be denied.  He has not met the requirement of Rachel - that he show with "relative clarity" that the denial of his civil rights will "take place in the courts of the State" and is "manifest in

---

[5] The speed of prosecution was hampered by the fact that he was found to be "incompetent to proceed."  ECF No. 1 at 3.

[6] Furthermore, because Judge Neff has been appointed to the First District Court of Appeal, he will no longer be presiding over Mr. Morin's criminal cases.

a formal expression of state law." 384 U.S. at 803, 86 S. Ct. at 1796.

Accordingly, the notice of removal was not appropriately filed and this case should be remanded to state court.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **REMANDED** to the Second Judicial Circuit Court in and for Leon County, Florida, that all other pending motions be denied, and the Clerk of Court be directed to close the file.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2026.


   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**